UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TOY BURTRON MADDEN §
    Petitioner, §
                  §
vs.                  § Case No. 94-0440
                  §
UNITED STATES, §
    Respondent. §

MOTION FOR SENTENCE REDUCTION PURSUANT TO

18 U.S.C.§3582 (c)(2)

The matter before this Honorable Court pursuant to 18 U.S.C.§ 3582 (c)(2)... by and through Petitioner, Toy B. Madden, Pro se pertaining to his unlawful sentence which exceeds the **mandatory minimum and maximum** is **ripe** for adjudication on the merits in accordance for a sentence reduction under the retroactive Crack Amendment Law. And in accordance with UNITED STATES v. BOOKER, 160 L. Ed 2d 621 (2005).

STATEMENT OF CASE ILLUSTRATION

Petitioner, Madden was charged with two(2) counts of Bank Robbery pursuant to 18 USC§ 2113 (a) & (f), and found guilty and sentenced to (2) 20 years/240 month sentence and (2)3 years/36 month supervised release.

(1)

running **consecutive**. And in addition sentenced and enhanced under the career offender guideline provision.

See point enhanement below:

    Base offense level: 20 points.
    Specific Offense characteristics: 2B3.1 (b) (1) +02 pts.
    Victim related adjustments: 2B3.1 (b)(1) +02 pts.
    Criminal history: 4A1.1 (a) +06 pts.
    Offense committed while under parole supervision:
    4A1.1 (d) +02 pts.
    Career Offender Statute: 4B1.2 Catagory VI
    Total points: 32

**Total time sentenced to is** 240 month/20 years + 36 month/ 3 years supervised release.

**Total Sentence is:** [23[ **years/276 month.**

The maximum under 18 USC§ 2113 (a) &(f) is 240 month/20 years.

### GROUNDS IN SUPPORT OF SENTENCE REDUCTION

Indeed, supervised release is a part of Madden's sentence. See: U.S. v. Thorn, 153 F. 3rd 130 (4th Cir. 1998), U.S. V. Feutado, 191 F. 3rd 420 (4th Cir. 1999), and Moore v. United States, 592 F. 2d 735-756 (4th Cir. 1979).

Subsequently, a 20 year sentence plus an additional 3 year supervised release running **consecutive** does amount to a **23 year sentence.** When in fact 20 years is the statutory maximum under 18 USC§ 2113 (a) &(f).

So therefore, Madden's sentence as even a career offender does exceed the statutory minimum and maximum of the statutue that he was indicted under.

Recently, the U.S. Court of Appeals for the Second Circuit held February 29, 2008. Stressed that section 28 USC§ 994 (h) is directed at the US Sentencing Commissioners rather than a disrict judge. <u>United States v. Sanchez</u>, No. 05-3212 2/29/08. Appellate Judge Amalya L. Kearse pointed out that section 994(h) was part of the Sentencing Reform Act that created the U.S. Sentencing Commission and directed it to promulgate the guidelines. Section 994(h) states, in relevant part, that"[t]he Commission shall assure that the guidelines specify a sentence to a term of imprisionment at or near the maximum term authorized for catagories of defendants" who meet certain criteria. The commission responded to this direction by promulgating the career offender provisions of the guidelines. With this in mind, the court said:

> Section 994(h)...by its terms, is a direction to the sentencing Commission, not to the courts, and it finds no express analog in title 18 or 21. While 21 USC§841(b) expressly establishes the minimum and maximum prison terms that the court is allowed to impose for violations of §841(a), there is no statutory provision instructing the court to sentence a career offender at or near the statutory maximum. And while the sentencing statutue expressly directs the district court to "consider" the "sentencing range established for..the applicable catagory of defendant as set forth in the guidelines," 18 USC§ 3583(a)(4)(A), it does not instruct the court to impose such a sentence.

(3)

" the absence of any express statutory instruction to the court to sentence a career offender to a prison term at or near the statutory maximum was not an oversight". The Circuit continued delving into the legislative history of section 994(h), the court noted that lawmakers considered and rejected a proposal that would have mandated that sentencing judges themselves impose sentences on career offenders at or near the statutory maximum.

"[I]n light of facts (1) that §994(h)'s instructions with reference to sentence at of near the statutory maximum is directed to the Sentencing Commission, (2) that there is no statutory provisions instructing the courts to sentence a career offender at or near the maximum, and (3) that Congress consciously rejected a proposal "that would have mandated a sentening judge to impose such a sentence,...and instead instructed the commission to promulgate guidelines to 'reccommend' high sentences for career offenders,.. we conclude that Congres did not intend §994(h) to deprive the courts of authority to impose on a career offender a prison term that is not near the statutory maximum," the circuit court held.

## CONCLUSION

So therefore, it is brought to this courts attention that they are not constrained by section 994(h) to keep Madden under a sentence that exceeds the mandatory minimum and maximum.

As exhibited once again that: A **240 month/20** year sentence plus an additional **36 month/3** years consecutive supervised release amounts to **23** years/ **276** month. (The statutory maximum under 18 USC§2113(a) &(f) is 240 months/20 years.

### Relief

Madden humbly, moves this Honorable Court to vacate his sentence, and thus re-sentence him within the appropriate range of imprisonment and combined supervised release, not exceeding the stipulated maximum of the statute that he was indicted under. Or in the alternative remove the additional consecutive supervised release that puts Madden's sentence above the statutue that he was indicted under.

**It Is So Prayed.**

Respectfully submitted by:

*Toy B. Madden*
Mr. Toy B. Madden (Pro se)

Dated: This 15 day of April 2008.

# PROOF OF SERVICE

I certify that on __4/15/08__ (date) I mailed a copy of this Motion via first class mail to the following parties **at the addresses listed below**:

Clerk of the court- US. District Court of Maryland, 101 W. Lombard Street, Baltimore, Maryland 20201.

Assistant U.S. Attorney- Joyce K. McDonald, US. District Court 101 W. Lombard Street, Baltimore, Maryland 21201.

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __4/15/08__ (date) for forwarding to the Court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

Dated: 4/15/08